FILED
U.S. DISTRICT COURT
2010 FEB 12 P 12: 42
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SABRINA L. CATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-120 |
| | ) | |
| AUGUSTA-RICHMOND COUNTY CIVIC CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* in the above-captioned employment discrimination. This matter is before the Court on Defendant's motion to dismiss (doc. no. 17) and Defendant's notice (doc. no. 21), that Plaintiff has not paid the attorney's fees and expenses awarded by this Court's October 9, 2009 Order (doc. no. 18). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss (doc. no. 17) be **GRANTED in PART**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

### I. BACKGROUND

Plaintiff commenced this case on August 25, 2008. (Doc. no. 1). Defendant made its first appearance on December 10, 2008, when it filed its answer (doc. no. 8); the Court

then entered a scheduling order on January 8, 2009 (doc. no. 10); and thereafter, Defendant filed a motion to compel concerning, *inter alia*,[1] Plaintiff's failure to appear for her deposition (doc. no. 11).

Defendant asserted in its motion that on February 27, 2009, it served Plaintiff with a notice of deposition. (Id.). The deposition was scheduled for 10:00 a.m., March 16, 2009. (Id.). Defendant maintained that on March 16, 2009, it waited until 10:20 a.m. to convene Plaintiff's deposition, but Plaintiff did not appear. (Id.). When Defendant's counsel's secretary telephoned Plaintiff, she (Plaintiff) informed the secretary that she was not coming to the deposition because she could not get in touch with her attorney. (Id.). However, as noted above, Plaintiff is proceeding *pro se*. Although Defendant indicated that it had "cooperated with Plaintiff's putative attorney, Ms. Lourdes Coleman" in preparing the 26(f) Report, Defendant also noted that Ms. Coleman never entered an appearance in this action. (Id.).

The Court granted Defendant's motion to compel and ordered Plaintiff to produce, within seven (7) business days, the documents and responses required under Loc. R. 26, and answer the interrogatories and request for production of documents served on her by Defendants on February 27, 2009. (Doc. no. 15). Additionally, the Court ordered Plaintiff to make herself available for her deposition in compliance with the Federal Rules of Civil

---

[1]Defendant also asserted that it timely served its Rule 26(a)(1)(A) disclosures on Plaintiff, but Plaintiff "blatantly failed and refused to respond to the discovery required by the local rules of this Court and the Federal Rules of Civil Procedure." (Doc. no. 11, p. 2). In an attempt to obtain the sought-after discovery, Defendant's counsel sent Plaintiff a letter "reminding" her of her duty to cooperate in discovery and requesting her compliance with the Local and Federal Rules of Civil Procedure. (Id.).

2

Procedure. (Id.). The Court also reminded Plaintiff:

> It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendant. Upon no more than five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

(Id. (citing doc. no. 5, p. 4)). Finally, the Court again cautioned Plaintiff that failure to attend her deposition may result in dismissal of this case.[2] (Id.).

On May 27, 2009, Defendant sent Plaintiff a letter and notice to appear at her deposition scheduled for Wednesday, June 3, 2009 at 2:00 p.m. (Doc. no. 17, p. 3). Defendant states that the letter and notice were sent via certified mail, and signed for by Plaintiff on May 29, 2009. (Id.). Nonetheless, Plaintiff failed to appear at her deposition, and did not contact defense counsel regarding her non-appearance. (Id.). Additionally, Defendant maintains that Plaintiff – despite the Court's May 14, 2009 Order – failed to respond to its written discovery requests. (Id.). Accordingly, Defendant filed its motion to dismiss this case. (Doc. no. 17).

When the time for filing a response to Defendant's motion to dismiss expired with no response having been filed, the Court explained to Plaintiff by Order dated January 13, 2010, the ramifications of not responding to a motion to dismiss. (Doc. no. 19). Additionally, the Court ordered Plaintiff to file her response to the motion to dismiss within fifteen days of the date of the Order and also directed Defendant to file a notice indicating

---

[2]The Court also noted that Plaintiff's recalcitrant behavior had already resulted in the Court having to extend the discovery deadlines once. (Doc. no. 15, p. 3 n.1).

3

whether Plaintiff had paid the attorney's fees awarded pursuant to the October 9, 2009 Order. Plaintiff failed to respond. Furthermore, the January 13, 2010 Order was returned as "Undeliverable." (Doc. no. 20). Notably, however, Defendant did notify the Court that Plaintiff had not paid the attorney's fees and expenses awarded by the October 9, 2009 Order. (Doc. no. 21). Accordingly, the Court proceeds to make a recommendation as to what sanctions are appropriate under Fed. R. Civ. P. 37(b).

## II. DISCUSSION

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] willful disobedience or neglect of any order of the Court." Loc. R. 41.1(a) and (b).

Furthermore, under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).[4]

Here, the Court ordered Plaintiff to produce the documents and responses required under Loc. R. 26, answer the interrogatories and request for production of documents served on her by Defendant, and make herself available for her deposition. (Doc. no. 15, p. 2). Notwithstanding the Court's instructions, Plaintiff failed to respond to any of Defendant's discovery requests, and failed to make herself available for her deposition. Not only has Plaintiff ignored the Court's discovery Order, she has not offered any explanation or reason for her refusal to comply. Furthermore, Plaintiff disregarded the Court's October 9, 2009 Order, directing her to pay attorney's fees and expenses.

Moreover, the Court's January 13, 2010 Order was returned as undeliverable, and the record does not reflect any notice of a change of address. Because Plaintiff is proceeding

---

[4]The Court notes that Plaintiff's status as a *pro se* litigant does not exempt her from complying with the Federal Rules or the rules of this Court. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (citations omitted) ("Despite construction leniency afforded to *pro se* litigants, we have nevertheless required them to conform to procedural rules.").

5

*pro se*, the Court provided her with basic instructions regarding the development and progression of this case. (Doc. no. 5). The Court specifically cautioned Plaintiff "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 5, p. 4). Thus, in addition to failing to comply with the Court's instructions, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where she can be reached has the effect of saddling the Court with a stagnant case.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Moreover, the Court may dismiss a case *without prejudice* as a sanction. It is clear that sanctions are appropriate in this case. In addition to deliberately disobeying the Court's orders regarding Plaintiff's duty to comply with discovery requests and her duty to make herself available for her deposition, Plaintiff has steadfastly refused to cooperate with Defendant. As Plaintiff has already demonstrated her willingness to simply disobey court orders, it seems doubtful that an order imposing additional monetary sanctions would pose a meaningful deterrent. Additionally, because Plaintiff has not paid the fees and expenses previously awarded to defense counsel, the imposition of additional monetary sanctions would be a futile sanction. However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[5]

---

[5] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it. However, Plaintiff is reminded that she may not attempt to avoid the payment of attorney's fees awarded to Defendants in this action simply by bringing a new civil action.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss (doc. no. 17) be **GRANTED in PART**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE